**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.                                          Case No. 2:06cr50

RONALD A. SMITH,

        Defendant.

ORDER OF DETENTION

Defendant, Ronald A. Smith, came before the Court for a detention hearing on November 20, 2006. Defendant Smith was represented by Claude M. Scialdone, Esquire, and the United States of America was represented by AUSA Alan M. Salsbury.

The Court has considered the following: the proffers and arguments of the Government and Defendant, by counsel; the testimony of Special Agent Ferguson, Division of Criminal Investigations, Internal Revenue Service; the testimony of Special Agent Ashby, Virginia State Police; the proffers by counsel for Defendant as to the anticipated testimony of Defendant's mother, Mrs. Barbara Smith, and Defendant's brother, Mr. Kenneth Smith, both of whom were present in the courtroom, together with other members of Defendant's family; the contents of the Pretrial Services Report and Addendum to Pretrial Services Report;

1

Government Exhibit Nos. 1 and 2; and the testimony of Defendant.[1] Based on the foregoing, the Court FINDS that Defendant represents a risk of flight and that there is no condition or combination of conditions that will reasonably assure his return for further proceedings.

Defendant, Ronald A. Smith, stands indicted on the following offenses: (1) Mail fraud in violation of 18 U.S.C. § 341 (Counts 1-10); (2) Tax evasion in violation of 26 U.S.C. § 7201 (Counts 11-16); (3) Engaging in monetary transactions in criminally derived property in violation of 18 U.S.C. § 1957 (Counts 17-20); and (4) Money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(I) (Counts 21-24). The Government also seeks to compel Defendant to forfeit certain property pursuant to 18 U.S.C. § 982.

Based on the testimony of IRS Special Agent Ferguson and VSP Special Agent Ashby, it appears that Defendant and his wife, Denise R. Kirkland, a co-defendant and alleged co-conspirator, operated businesses identified as Business Consultants, Inc. and Consultants Group International, pursuant to which they offered to assist individuals in preparing loan packages, including applications, financial statements and business plans, in order to obtain loans

---

[1] The Court notes that it advised the defendant, Ronald A. Smith, in detail as to his right against self-incrimination as well as his obligation to submit to cross-examination by the Government's attorney if he waived this right and testified at the detention hearing. Following discussions between Defendant and his attorney, Defendant waived his right against self-incrimination and testified under oath.

whose re-payment is guaranteed by the United States Small Business Administration. The Government's evidence indicated that Defendant processed approximately 900 applications and charged as much as $3,000 for services rendered in connection with each application. According to the Government's witnesses, only one individual among the 900 who applied actually received an SBA guaranteed loan. The Government estimates that the businesses operated by Defendant Smith and his co-defendant collected approximately $2.8 million from SBA loan applicants.

A Grand Jury subpoena was served on Defendant on March 20, 2002. Subsequent to the service of that subpoena, Defendant and his wife moved nearly $400,000, via checks and wire transfers, to various banks outside the United States, in particular to Canadian banks. In addition, Defendants allegedly attempted to ship two personal automobiles, Chevrolet Corvettes, to Canada, after Defendant had the title to one of the Corvettes transferred from his into his wife's name. These vehicles were subsequently seized at the Canadian border by U.S. authorities to ensure the payment of unpaid taxes.

Defendants departed the United States for Canada on or about April 17, 2002. The Government's evidence indicated that Defendants purchased a home in Canada for $350,000 on July 12, 2002. However, the whereabouts of Defendants were unknown until they were arrested by officials with Immigration and Customs

Enforcement at the Canadian border on October 7, 2006. At the time of their arrest, Defendant Smith and his wife were operating a Cadillac Escalade and a Chevrolet Corvette, and these vehicles contained checkbooks, business records, records relating to bank accounts, jewelry, and so-called high end or luxury items. According to Government witnesses, certain of the records seized in the vehicles appeared to be business records for a business or businesses started after Defendants departed the country. Other records indicated that Defendants had stored approximately $400,000 in furniture; that they had bank accounts containing in excess of $700,000; that they had a Swiss bank account containing $7 million. Officials at the border estimated that Defendants had stored items valued at approximately $100,000 in their two cars.

Defendant claimed that his attorney, Mr. Donnelly, advised him in 2002 that he was free to move to Canada as well as to transfer the proceeds from the sale of his home in Virginia Beach to bank accounts in Canada.[2] Defendant also claimed that heavy-handed tactics by the Internal Revenue Service forced him to close his businesses and that their actions made it impossible for his

---

[2]Defendant caused a subpoena to be issued to secure the attendance at the detention hearing of Defendant's former attorney, J. Brian Donnelly, Esquire. However, after Mr. Donnelly was called to testify at the detention hearing, the Court inquired of Defendant whether he wished to waive the attorney-client privilege with regard to Mr. Donnelly's anticipated testimony. Following discussions with his attorney, Defendant advised the Court that he did not wish to waive the attorney-client privilege in this regard and Mr. Donnelly was allowed to depart without having testified.

businesses to survive.  Defendant also claimed that his wife, and co-defendant, was completely innocent of the pending charges because he alone ran their business and she was merely an employee of the business.

The Court first considered the nature and circumstances of the offenses with which Defendant is charged.  The offenses are serious non-violent crimes for which Defendant, if convicted, could service lengthy jail sentences and pay large fines.  In particular, Defendant is facing ten (10) counts of mail fraud, each of which is punishable by a maximum penalty of twenty (20) years in the penitentiary.

Based on the testimony of Special Agents Ferguson and Asby, the Court concludes that the evidence against Defendant is strong, but not overwhelming.

With regard to Defendant's personal history and characteristics, the Court notes that the Government's evidence strongly suggests that Defendant fled from the United States to Canada, where he established a permanent residence, on or about April, 2002, after a Grand Jury of this Court issued a subpoena compelling him to testify regarding the operation of his businesses.  Defendant also transferred large sums of money to banks in Canada, caused valuable personal possessions to be transported to Canada, arranged to transfer the title to his personal automobile to his wife, attempted to ship two automobiles

5

to Canada, and purchased a permanent residence there.

The Court notes that several members of Defendant's family, including Defendant's mother and brother, were present in the courtroom during the course of the detention hearing. Defendant's mother is prepared to serve as third-party custodian; Defendant's brother is prepared to provide him with employment.

The Court has entered a Post-indictment Restraining and Repatriation Order (Document No. 12) on October 19, 2006, pursuant to 21 U.S.C. § 853(e)(1)(A), 18 U.S.C. § 982(b), and 21 U.S.C. § 853(e)(4). Pursuant to this Order, substantial assets and resources of Defendant, including monies held in bank accounts, automobiles, and various items of personal property, are no longer available to Defendant and his wife. However, the Court believes that Defendant may have failed to disclose the location of certain assets which he could use to engage in flight to avoid prosecution.

Defendant sent an e-mail message to employees of his businesses containing promises that he would return; Defendant also sent a letter to AUSA Salsbury. The Court notes, however, that Defendant never returned to meet with his employees, as promised in his e-mail message, and his letter to Mr. Salsbury did not contain a return address or advise where he resided.

Defendant's testimony at the detention hearing was confused and inconsistent. For example, Defendant protested his wife's innocence during cross-examination, stating that she performed

minor roles in connection with the operation of the business. However, when pressed about details regarding the processing of SBA-guaranteed loans, Defendant stated that he was unable to respond because his wife handled that end of the business. The Court notes that Defendant was convicted of making and subscribing to a false income tax return in 1992. As a consequence, the Court concludes that Defendant's testimony was not credible.

Defendant has lived abroad and has engaged in substantial international travel in the past.

Defendant fled the United States in 2002 to avoid having to testify before the Grand Jury after transferring substantial assets out of the country.

Consequently, having considered the factors set out in 18 U.S.C. § 3142(g), the Court FINDS by a preponderance of the evidence, that Defendant represents a risk of flight and that there is no condition or combination of conditions that will reasonably assure his return for further proceedings. In ordering Defendant's detention, the Court expressly OVERRULES Defendant's Motion for Order of Pretrial Release, filed on November 20, 2006.

Accordingly, the Court FINDS that Defendant should be detained pending trial. The Court therefore ORDERS Defendant DETAINED pending trial. See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v.

<u>Jackson</u>, 823 F.2d 4, 5 (2d Cir. 1987); <u>United States v. Medina</u>, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (I) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant. Entered on November 22, 2006

/s/
F. Bradford Stillman
United States Magistrate Judge